SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW S. McCONNELL, Cal Bar No. 209672
SIEUN J. LEE, Cal Bar No. 311358
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691
Email:    mmcconnell@sheppardmullin.com
          slee@sheppardmullin.com

Attorneys for Plaintiff
HP COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HP COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO; BOARD OF SUPERVISORS OF COUNTY OF SAN DIEGO; and DOES 1-20, <br><br> Defendant. | Case No. '23CV0844 LAB BLM <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

-1-

Plaintiff HP Communications, Inc. brings this complaint against Defendants County of San Diego ("County"), Board of Supervisors of County of San Diego ("Board"), and Does 1-20, and alleges as follows:

## NATURE OF ACTION

1. Defendants recently enacted Ordinance No. 10828, which requires payment of prevailing wages to individuals who constitute "Traffic Control Workers," as defined under the Ordinance, regardless of whether they are engaged in a public or private works project.  The Ordinance goes beyond the parameters of its own public works projects to regulate wholly private construction projects.  The Ordinance, by application and effect, regulates conduct that Congress intended to be controlled by the free-play of economic forces under the National Labor Relations Act ("NLRA"), such as labor relations, collective bargaining, and union organizing.  The Ordinance expressly interferes with and frustrates the bargaining process as it requires contractors to pay prevailing wages to Traffic Control Workers on all projects, regardless of the wages negotiated in any collective bargaining agreement or other agreements with employees.  As a result, the Ordinance is preempted by federal law and, consequently, void and enforceable.  Accordingly, Plaintiff seeks a declaration that the Ordinance is preempted by the NLRA under the Supremacy Clause of the United States Constitution, and is therefore void and unenforceable, and a permanent injunction enjoining Defendants from enforcing or taking any action under the Ordinance.

## THE PARTIES

2. Plaintiff HP Communications, Inc. is a California corporation with its principal place of business in California.  It is a contractor engaged in the business of telecommunications construction, and regularly engages in such business in the County of San Diego.  It is the holder of California Contractor License Number 752762.

3.      Defendant County of San Diego is and at all relevant times has been a public entity duly organized and existing under and by virtue of the laws of the State of California.

4.      Defendant Board of Supervisors of the County of San Diego is and at all relevant times the duly elected decision-making body of Defendant County of San Diego.

5.      The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of Defendants Does 1-20, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of such Defendants when ascertained.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal laws; namely, the National Labor Relations Act, 29 U.S.C. § 141 et seq., and the Supremacy Clause in Article VI of the U.S. Constitution, which designates the Constitution and Laws of the United States as the supreme law of the land.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as this Court is located in the federal judicial district where Defendants are situated and where a substantial part of the events giving rise to Plaintiff's claims have occurred, are occurring, and will occur in the future if not prevented through the actions of this Court.  Plaintiff regularly engages in its telecommunications construction business in this district and will be adversely affected by the irreparable harms sought to be remedied and prevented by this Court's action upon this Complaint.

## GENERAL BACKGROUND AND FACTUAL ALLEGATIONS

**A.    Prevailing Wage Law**

8.      Under California law, "not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work

is performed . . . shall be paid to all workers employed on *public works*." Cal. Lab. Code § 1771 (emphasis added). This prevailing wage requirement applies to "[w]orkers employed by contractors or subcontractors *in the execution of any contract for public work*." *Id*. § 1772 (emphasis added).

9. The California Supreme Court has explained that "[t]he overall purpose of the prevailing wage law . . . is to benefit and protect employees on *public works projects*." *Lusardi Constr. Co. v. Aubry*, 1 Cal.4th 976, 985 (1992) (emphasis added).

10. The prevailing wage is set by the Department of Industrial Relations ("DIR") for each locality where the work is to be performed for each craft, classification, or type of worker needed to execute a public works contract, based on a statutorily mandated methodology. Cal. Lab. Code §§ 1770, 1773, 1773.9(b). "The prevailing wage rates are usually based on rates specified in collective bargaining agreements." Prevailing Wage Requirements, DIR, https://www.dir.ca.gov/public-works/prevailing-wage.html (last visited Apr. 26, 2023).

11. The per diem wages include employer payments for contributions to pension funds, healthcare, vacation, travel, and other benefits. Cal. Lab. Code § 1773.1.

**B.    The National Labor Relations Act**

12. The NLRA, as amended, 29 U.S.C. § 151, et seq., creates a uniform federal body of law governing union organizing, collective bargaining, and labor-management relations applicable to employers engaged in interstate commerce. It established various rules concerning collective bargaining and defined a series of banned unfair labor practices.

13. The NLRA prohibits state and local regulation of conduct that Congress intended to be left to be controlled by the free-play of economic forces. Legislation that interferes with the "balanced state of collective bargaining" is

preempted by the NLRA.  *See Machinists v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132 (1976).

14.	In particular, the NLRA preempts any and all state and local enactments that, by design or consequence, regulate or interfere with the then existing balance of economic power between labor and management with respect to zones of activity that, under federal labor law, are intended to be left to the free play of economic forces.  Laws subject to NLRA preemption include laws that interfere with or attempt to regulate the economic tools available to labor or management during the course of collective bargaining or that otherwise interfere with the collective bargaining process, such as those that alter the parties' rights and economic alternatives during collective bargaining, or the processes and procedures utilized for union organizing.

**C.	Ordinance No. 10828**

15.	On February 8, 2023, the Board passed, approved, and adopted Ordinance No. 10828, which is attached hereto as **Exhibit A**.  The Ordinance became effective on March 10, 2023.  *See* Ex. A, § 3.

16.	The Ordinance does not merely seek to ensure that contractors on public works projects pay prevailing wages, but goes beyond the parameters of its own public works projects to regulate wholly private construction projects.  The Ordinance requires that an employer or contractor employing Traffic Control Workers must pay prevailing wages regardless of whether the Traffic Control Workers would be engaged in a public works project, which would require the payment of prevailing wages, or a private construction project, which would not require the payment of prevailing wages.  In other words, Defendants have imposed substantive requirements of California prevailing wage law, which applies to public works projects, to private construction projects.

17.	Specifically, the Ordinance requires that "All Traffic Control Workers providing traffic control work to stop, slow, or direct traffic on a Highway, except if

engaged on a Small Project, shall be paid a wage equivalent to the Prevailing Wage otherwise owed to persons engaged on a public works or maintenance project for the same or substantially similar work." Ex. A, § 2(b).

18. The Ordinance defines "Traffic Control Worker" as "any person engaged in stopping, slowing or directing traffic through a construction site or other portion of a Highway subject to a disruption in travel; except, the term does not include any public agency employee engaged in traffic control for the public agency." Ex. A, § 2(a)(iv).

19. The Ordinance defines "Prevailing Wages" as "wage required by Labor Code section 1720 et seq. to be paid to a worker on a public works or maintenance project in the location where the work is performed." Ex. A, § 2(a)(ii).

20. The Ordinance further provides,

> "Any permit or approval issued by the County of San Diego after the effective date of this Ordinance to perform work within a Highway that requires the use of a Traffic Control Worker shall be deemed to include the requirement to pay the wage specified by Subsection (b).  Any failure to pay the required wage may, without limitation, be enforced by the Director of the Office of Labor Standards and Enforcement or any other County official with enforcement authority as a violation of the terms of the permit or approval."  Ex. A, § 2(c).

21. The Board stated it enacted the Ordnance "to address the unique safety risks confronted by users of County maintained roads subject to traffic control by ensuring that except in limited circumstances or small projects that all traffic control workers are paid a minimum wage equivalent to the prevailing wage they would receive if working on a public works project." Ex. A, § 1.

22. The Board explained, "Traffic control workers employed on public works projects are paid a prevailing wage while the same workers employed on private construction projects may be paid significantly less to perform the same

work.  Low wages and difficult working conditions can present a significant risk of harm to users of public streets that can be avoided by ensuring the most qualified workers are retained to provide traffic control work." Ex. A, § 1.

23. The Ordinance does not directly deal with its objective by requiring certain levels of training, compliance with safety codes, or by requiring specific levels of monitoring or supervision by the employers.  Rather, the furtherance of the objective is dependent entirely upon the concept that higher wages equates to greater safety and less risk.

**D.     The Ordinance's Effect On Plaintiff**

24. Prior to March 10, 2023, Plaintiff paid wages on private construction projects for work covered by the Ordinance's definition of Traffic Control Workers based on separately negotiated agreements with employees.

25. Effective March 10, 2023, pursuant to Ordinance No. 10828, Plaintiff must pay employees on private construction projects for work covered by the Ordinance's definition of Traffic Control Workers the prevailing wage rate set by the State of California for public works projects, even though these rates and benefits are different from and generally more than what Plaintiff has separately negotiated with its employees.

26. The Ordinance imposes substantive requirements of California prevailing wage law, which applies to public works projects, to private construction projects.  The imposition of such substantive requirements interferes with and frustrates the bargaining process as it requires payment of wages developed and revised from the bargaining of third parties, regardless of the wages and benefits negotiated in collective bargaining agreements or other agreements with the employees.

27. The Ninth Circuit has expressly held that a county ordinance, like the Ordinance at issue here, "mandating that employers pay 'prevailing wages' to their employees on wholly private construction projects . . . is invalid because it is pre-

empted by the NLRA" as "it is an undue governmental interference with the collective-bargaining processes protected by that Act." *Chamber of Com. of U.S. v. Bragdon*, 64 F.3d 497, 498 (9th Cir. 1995).

28. The Ninth Circuit explained an ordinance requiring payment of prevailing wages is "very different from a minimum wage law, applicable to all employees, guarantying a minimum hourly rate." *Bragdon*, 64 F.3d at 502; *see also Associated Builders & Contractors of S. Cal., Inc. v. Nunn*, 356 F.3d 979, 991 n.8 (9th Cir. 2004) ("In invalidating Contra Costa County's *prevailing* wage ordinance, we carefully distinguished, for purposes of preemption, state-established *minimum* wage regulations, which we acknowledged to be lawful.") (citing *Bragdon*, 64 F.3d at 502) (emphasis in original).

29. The Ninth Circuit stated, "The [DIR] uses formulas that average the wages and benefits for each craft pursuant to collective-bargaining agreements applicable in each labor market. Thus, the prevailing wage determined by the Director is not a fixed statutory or regulatory minimum wage, but one derived from the combined collective bargaining of third parties in a particular locality. The wage thus imposed is therefore not the result of the bargaining of those employers and employees actually involved in the selected construction projects in [the relevant] County." *Id*.

30. Thus, the Ninth Circuit found "this type of minimum labor standard enactment, which is not of general application, but targets particular workers in a particular industry is developed and revised from the bargaining of others, affects the bargaining process in a way that is incompatible with the general goals of the NLRA." *Bragdon*, 64 F.3d at 504.

31. Like in *Bragdon*, the prevailing wage required for Traffic Control Workers for private construction projects under the Ordinance is not a wage and benefit package that has been bargained for in any fashion by construction employers, such as Plaintiff, and employees. Rather, it is a wage and benefit

package imposed by Defendants based on wages promulgated by the DIR, which is applicable to *public* works projects and was determined under Labor Code section 1773.9.  The imposition of prevailing wages on private construction projects affects the bargaining process in a way that is incompatible with and is in contrary to the general goals of the NLRA.  *See Bragdon*, 64 F.3d at 502-503.

32. Plaintiff has suffered or will suffer irreparable harm as a result of the enactment of the Ordinance and its foreseeable consequence on union organizing, ongoing collective bargaining, and labor relations.  Plaintiff is required to alter the wage scales and other terms of its agreements with its employees.  Thus, Plaintiff will suffer financial harm in the form of lost revenues as a result of its obligations to pay prevailing wages to Traffic Control Workers on private construction projects.  The cost of compliance with such an unconstitutional ordinance are not recoverable.  *Cf. Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 220-21 (1994) (Scalia, J., concurring in part and in judgment) ("[C]omplying with a regulation later held invalid almost *always* produces the irreparable harm of nonrecoverable compliance costs.") (emphasis in original).

## FIRST CAUSE OF ACTION
**Federal Preemption Of The Ordinance By The National Labor Relations Act**
**(29 U.S.C. § 141 et seq.)**

33. Plaintiff incorporates by reference and realleges each allegation set forth above.

34. The application of the Ordinance unequivocally intrudes on the zones of activity in the areas of labor relations, union organizing, and collective bargaining that are reserved under federal law, which Congress intentionally left to be controlled by the free play of economic forces.

35. The Ordinance dictates a substantive term and mandates payment of prevailing wages for Traffic Control Workers that, by design or consequence, empower the employees, unions, or other collective bargaining units to secure a

wage rate they could not otherwise have obtained from Plaintiff for private construction projects. The Ordinance undermines the collective bargaining process and disrupts the process of union organizing.

36. While Defendants have the ability to enact ordinances to further the health and safety of its citizens, the Ordinance here bears no relation to those goals. Local minimum wage laws, for example, seek to lessen the burden on public welfare services. This Ordinance is not a minimum labor standard. It requires mandatory payment of prevailing wages to a specific group of workers, i.e. Traffic Control Workers, regardless of the compensation and benefits negotiated by Plaintiff and its employees.

37. Thus, the Ordinance is preempted by the NLRA as it regulates zones of activity that Congress intentionally left to be controlled by the free play of economic forces.

38. The application and enforcement of the Ordinance will cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law, even if the Ordinance is later declared by this Court to be void and unenforceable.

39. Plaintiff is entitled to judgment declaring the Ordinance to be void and unenforceable under the Supremacy Clause of the U.S. Constitution and equitable and injunctive relief to prevent the County, the Board, or any other enforcer from attempting to enforce or give effect to the Ordinance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. A judgment declaring that the Ordinance, as well as any act taken in furtherance of the Ordinance by any person, is preempted by the NLRA, and is therefore void and unenforceable, and entering a permanent injunction enjoining Defendants from enforcing or taking any action under the Ordinance.

2. An award of attorneys' fees and costs pursuant to applicable law.

3. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| 1 | Dated: May 8, 2023 |
| 2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |

By      */s/ Matthew S. McConnell*
MATTHEW S. McCONNELL
SIEUN J. LEE

Attorneys for Plaintiff
HP COMMUNICATIONS, INC.